22337

Ann H. MICHEAU, Appellant, v. Alton C. MICHEAU, Respondent.

(331 S. E. (2d) 348)

Supreme Court

*Donald M. Holler,* Moncks Corner, *for appellant.*

*Grover C. Seaton, III,* Moncks Corner, *for respondent.*

Heard May 7, 1985.

Decided May 31, 1985.

HARWELL, Justice:

In this domestic case, we affirm the divorce on grounds of adultery. We remand for compliance with Rule 27 C on the issues relating to child support, equitable division, and attorney's fees.

The appellant wife first alleges that the court erred in referring to the testimony of a detective in connection with its finding she committed adultery. It is apparent that no detective testified. However, we hold this error to be harmless in light of the wife's admission on cross-examination that she had a lover. The divorce on grounds of adultery is affirmed.

The appellant next attacks the court's failure to award child support for the infant daughter. Inasmuch as the Order fails to award custody of the daughter to either parent, we remand for such an award. On remand, the court shall make factual findings concerning her custody and support which comply with Family Court Rule 27 C.[1]

---

[1] The appellant has abandoned her exception concerning the court's award of custody of the son to the father; the father has voluntarily returned the son to her custody. The question of child support for the son is not before this court, but adequate child support for him shall be provided on remand.

The appellant contends that the court erred in its equitable distribution of the marital property. The court made no factual findings regarding the value of the marital real estate or the relative contributions of the parties. This Court therefore has nothing but conclusory statements to review. We remand for equitable division in compliance with Rule 27 C.

The appellant additionally bemoans the court's refusal to award her attorney's fees. The court did not address her request for attorney's fees in the Order. We accordingly remand for factual findings under Rule 27 C as to whether an attorney's fee award in appropriate.

We urge judges and attorneys who prepare orders to pay careful attention to their work product in order to afford this Court a sufficient basis upon which to review the lower court's conclusions.

Affirmed in part; reversed in part; and remanded.

LITTLEJOHN, C. J., NESS, GREGORY and CHANDLER, J.J., concur.